1  GEORGE T. CAPLAN (SBN 43821)
   KRISTOPHER S. DAVIS (SBN 193452)
2  PAUL M. GELB (SBN 214439)
   DRINKER BIDDLE & REATH LLP
3  1800 Century Park East, Suite 1400
   Los Angeles, California 90067-5717
4  Telephone: (310) 203-4000
   Facsimile: (310) 229-1285
5  george.caplan@dbr.com
   kristopher.davis@dbr.com
6  paul.gelb@dbr.com

7  Attorneys for Defendant
   GENESIS SOLAR LLC

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

12 | LA CUNA DE AZTLAN SACRED          | Case No. 5:11-cv-01478-GW-SS
   | SITES PROTECTION CIRCLE           |
13 | ADVISORY COMMITTEE;               |
   | CALIFORNIANS FOR RENEWABLE        | **MEMORANDUM OF POINTS AND**
14 | ENERGY; ALFREDO ACOSTA            | **AUTHORITIES IN SUPPORT OF**
   | FIGUEROA; PHILLIP SMITH;          | **GENESIS SOLAR LLC'S MOTION**
15 | PATRICIA FIGUEROA; RONALD         | **TO RECOVER FEES AND COSTS**
   | VAN FLEET; CATHERINE OHRIN-       | **INCURRED IN THE PREVIOUSLY**
16 | GREIPP, RUDY MARTINEZ             | **DISMISSED ACTION AND STAY**
   | MACIAS, and GILBERT LEIVAS,       | **THE PROCEEDING**
17 |                                   |
   |              Plaintiffs,          | **[FRCP 41(d)]**
18 |                                   |
   |        v.                         |
19 |                                   | Date:      February 9, 2012
   | UNITED STATES DEPARTMENT          | Time:      8:30 a.m.
20 | OF THE INTERIOR; KEN              | Courtroom: 10
   | SALAZAR, in the official capacity of | Judge:   Hon. George H. Wu
21 | Secretary of the United States    |
   | Department of the Interior; UNITED |
22 | STATES BUREAU OF LAND             | *[Notice of Motion and Motion;*
   | MANAGEMENT; ROBERT ABBEY,         | *Declaration of Kristopher S. Davis; and*
23 | in the official capacity of Director of | *[Proposed] Order, filed concurrently*
   | the United States Bureau of Land  | *herewith]*
24 | Management; TERI RAML, in the     |
   | official capacity of District Manager of |
25 | the California Desert District of the |
   | United States Bureau of Land      |
26 | Management; JOHN KALISH, in the   |
   | official capacity of Field Manager of |
27 | the Palm Spring South Coast Field |
   | Office of the United States Bureau of |
28 | Land Management; UNITED STATES    |

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

1

Memo of P's & A's ISO Genesis Solar LLC's Motion to Recover Fees
and Costs and Stay the Proceeding

LA01/ 1055384.2

1   DEPARTMENT OF ENERGY;
    STEVEN CHU, in the official capacity
2   of Secretary of the United States
    Department of Energy; UNITED
3   STATES TREASURY; TIMOTHY F.
    GEITHNER, in the official capacity of
4   Secretary of the United States
    Treasury; FEDERAL FINANCING
5   BANK; and GENESIS SOLAR LLC,

6                  Defendants.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

LA01/ 1055384.2

2

Memo of P's & A's ISO Genesis Solar LLC's Motion to Recover Fees
and Costs and Stay the Proceeding

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................... 3

II. FACTUAL BACKGROUND ........................................................ 6

    A. Genesis Project ROD ............................................................ 6

    B. The Quechan Tribe Action .................................................. 7

    C. The La Cuna I Action ........................................................... 7

        1. The La Cuna I Complaint ........................................... 7

        2. Plaintiffs' Notice of Related Case and TRO Application ........... 9

        3. Genesis Solar's Intervention in the La Cuna I Action.............. 10

    D. The La Cuna II Action ........................................................ 12

        1. Genesis Solar Filed a Rule 41(d) Motion ................................. 12

        2. The Court Severed the La Cuna II Action, Dismissing Genesis Solar from the Improperly Filed La Cuna II Complaint ........................................................ 13

    E. The La Cuna III Action ....................................................... 13

III. ARGUMENT ................................................................................ 15

    A. Plaintiffs' Conduct Clearly Satisfies the Rule 41(d) Standards ......... 15

    B. The Circumstances of these Serial Filings and Dismissals Warrant an Award of Costs Under Rule 41(d) ................... 16

    C. As in *Esquivel*, Genesis Solar Is Entitled to Recover Its Expenses and Attorneys' Fees Incurred in the Improper La Cuna I Action ........................................................ 19

    D. The Court Should Stay This Action Until Plaintiffs Comply with the Award Order ........................................................ 21

IV. CONCLUSION ............................................................................ 22

i

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

Memo of P's & A's ISO Genesis Solar LLC's Motion to Recover Fees
and Costs and Stay the Proceeding

LA01/ 1055384.2

# TABLE OF AUTHORITIES

**Page**

*CASES*

*Esquivel v. Arau,*
913 F. Supp. 1382 (C.D. Cal. 1996)..................5, 6, 15, 16, 17, 18, 19, 20, 21

*Jurin v. Google, Inc.,*
695 F. Supp. 2d 1117, 1123 (E.D. Cal. 2010)................................16

*Rogers v. Wal-Mart Stores, Inc.,*
230 F. 3d 868, 874 (6th Cir. 2000)................................16

*The Wilderness Society v. USFS,*
630 F. 3d 1173 (9th Cir. 2011)................................20

*STATUTES*

16 U.S.C. §§ 470................................7

25 U.S.C. §§ 3001................................7, 8, 9

42 U.S.C. § 1996................................14

42 U.S.C. §§ 16511................................14

42 U.S.C. §§ 2000bb................................14

42 U.S.C. §§ 4321................................7

43 U.S.C. §§ 1701................................7

5 U.S.C. §§ 551................................7

*RULES*

Fed. R. Civ. P. 41(d)................................12, 13, 14

Fed. R. Civ. Proc. 41(d)(1) ................................15

Fed. R. Civ. Proc. 41(d)(2) ................................15

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

ii

Memo of P's & A's ISO Genesis Solar LLC's Motion to Recover Fees
and Costs and Stay the Proceeding

LA01/ 1055384.2

# I.

## **INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure ("Rule") 41(d), defendant Genesis Solar LLC ("Genesis Solar") moves for an order requiring Plaintiffs to pay Genesis Solar's fees and costs incurred in the previously dismissed action, and staying this action until Plaintiffs have complied.  Plaintiffs' sharp tactics and improper forum shopping concerning their previously dismissed case, *La Cuna de Aztlan Sacred Sites Protection Circle Advisory Committee, et al. v. United States Department of Interior, et al.*, United States District Court, Southern District of California, Case No. 10CV2664-WQH-WVG (the "La Cuna I Action"), warrants relief under Rule 41(d).

The facts supporting this motion are straightforward.  On November 3, 2010, the Bureau of Land Management ("BLM") issued the Record of Decision ("ROD") for the Genesis Solar Energy Project ("Genesis Project").  No challenges were made at that time.  On December 15, 2010, in *Quechan Tribe of the Fort Yuma Indian Reservation v. United States*, Case No. 10cv2241-LAB(CAB) ("Quechan Tribe Action"), the Southern District of California Court preliminarily enjoined the Imperial Valley Solar Project ("Imperial Project"), a solar project that is completely unrelated to the Genesis Project.

On December 27, 2010, in a calculated attempt to piggy-back on the injunction granted in the Quechan Tribe Action, Plaintiffs filed the La Cuna I Action against six solar projects: the Genesis Project; the Ivanpah Solar Electric Generating System Project ("Ivanpah Project"); the Calico Solar Project ("Calico Project"); the Blythe Solar Power Project ("Blythe Project"); the Chevron Energy Solutions Lucerne Valley Solar Project ("Chevron Project"); and the Imperial Project.  As stated, the Imperial Project was already subject to a preliminary injunction in the Southern District.  Indeed, the Imperial Project is the only project that was properly venued in the Southern District.  The other five projects,

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

3

Memo of P's & A's ISO Genesis Solar LLC's Motion to Recover Fees
and Costs and Stay the Proceeding

LA01/ 1055384.2

1   including the Genesis Project, are in the Central District of California, and the

2   events giving rise to the claims with regard to the other five projects occurred in the

3   Central District.

4         On December 30, 2010, just hours before the New Year's Holiday and

5   almost 60 days after the Genesis Project ROD was issued, Plaintiffs filed an

6   application for a temporary restraining order which sought to enjoin any further

7   activity on these six completely separate, geographically diverse, solar energy

8   projects (the "TRO Application").  The inappropriateness of this tactic is

9   underscored by the fact that Plaintiffs sought a TRO against the Imperial Project

10  even though the court had enjoined that project 12 days earlier in the Quechan

11  Tribe Action.

12        Genesis Solar was permitted to intervene as a defendant in the La Cuna I

13  Action, and, on January 3, 2011, filed an opposition to the TRO Application and a

14  motion to dismiss the action for improper venue.  The court set an expedited

15  briefing schedule.

16        On January 13, 2011, without dismissing the La Cuna I Action, or informing

17  any party or the court, Plaintiffs filed an identical case in the Central District

18  against the Genesis Project (as well as the Ivanpah and Blythe Projects) titled *La*

19  *Cuna de Aztlan Sacred Sites Protection Circle Advisory Committee, et al. v. United*

20  *States Department of Interior, et al.*, United States District Court, Central District

21  of California, Case No. 2:11-CV-00400-DMG-DTB (the "La Cuna II Action").

22  Indeed, on January 14, 2011, Plaintiffs filed their opposition to the motion to

23  dismiss in the La Cuna I Action and effectively conceded that the claims against

24  Genesis Solar were improperly venued in the Southern District.  Nowhere in their

25  opposition did Plaintiffs mention that they already had filed the La Cuna II Action

26  in the Central District.

27        On January 14, 2011, pursuant to the court's scheduling order, Genesis Solar

28  filed a supplemental opposition to the TRO Application, and, on January 21, 2011,

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

4

LA01/ 1055384.2

Memo of P's & A's ISO Genesis Solar LLC's Motion to Recover Fees
and Costs and Stay the Proceeding

1   Genesis Solar filed a reply brief in support of the motion to dismiss.  It was not

2   until that day, January 21, 2011, that the Plaintiffs informed the La Cuna I Court

3   and the parties that they would not pursue their claims in the Southern District after

4   all.[1]

5         On January 25, 2011, the Southern District entered Plaintiffs' voluntary

6   dismissal of Genesis Solar without prejudice.  The court expressly authorized

7   Genesis Solar to seek its costs incurred in any court that Plaintiffs filed another

8   similar action against Genesis Solar under Rule 41(d).  Accordingly, Genesis Solar

9   filed a Rule 41(d) motion against Plaintiffs in the La Cuna II Action.

10        The Rule 41(d) motion never had an opportunity to be heard in the La Cuna

11  II Action, however.  The La Cuna II Action was transferred to this Court because it

12  was deemed related to *California Unions for Reliable Energy, et al. v. United States*

13  *Department of the Interior, et al.*, United States District Court, Central District of

14  California, Case No. 2:10-CV-9932-GW-SSx (the "CURE Action").  This Court

15  promptly granted a motion to sever the claims against the Genesis Project and the

16  Blythe Project, which effectively dismissed the case as against the Genesis Project

17  and Blythe Project (leaving only the Ivanpah Project in the La Cuna II Action).  In

18  its Order, this Court expressly stated that "the ruling is made 'no harm, no foul' as

19  to all parties on both sides," and that Genesis Solar could re-file its Rule 41(d)

20  motion pertaining to the La Cuna I Action if Plaintiffs were to re-file against

21  Genesis Solar.  On September 15, 2011, Plaintiffs re-filed against Genesis Solar,

22  and, Genesis Solar, accordingly re-filed this motion.

23        Relief under Rule 41(d) is appropriate.  Indeed, this Court in *Esquivel v.*

24  *Arau*, 913 F. Supp. 1382 (C.D. Cal. 1996), awarded Rule 41(d) relief upon less

25

26  _____

    [1] Amazingly, Plaintiffs still failed to tell the court or the parties that they had
27  filed the La Cuna II Action in the Central District.

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

LA01/ 1055384.2

egregious facts.[2]  As in *Esquivel*, Plaintiffs' choice of the Southern District "as a forum was questionable, to say the least." *Esquivel*, 913 F. Supp. at 1386.  Nothing ties the five Central District Projects to the Southern District, as Plaintiffs finally conceded in their motion practice after a month of intensive litigation, including a TRO application hours before the New Year's holiday.  In addition, the fact that Plaintiffs attempted to tether five Central District Projects to one Southern District Project that *already* had been preliminarily enjoined two weeks beforehand underscores that their tactic was nothing but blatant improper forum-shopping.

In addition, just as in *Esquivel*, Plaintiffs "failed to present a persuasive explanation for the course of litigation described above, and it is clear that defendants have incurred needless expenditures as a result." *Id.* at 1386.  Genesis Solar was forced to litigate a motion to dismiss and opposition to a TRO Application in a case that never should have been filed against it in the Southern District in the first place.  Plaintiffs never told the court or Genesis Solar that they had filed an identical action against Genesis Solar and the other projects in the Central District.  As a result, Genesis Solar needlessly incurred great expense until Plaintiffs finally dismissed their improperly filed action.  Under these circumstances, as this Court previously held in *Esquivel*, "an award under Rule 41(d) is appropriate." *Id.*

## II.

## FACTUAL BACKGROUND

### A.   Genesis Project ROD.

On November 3, 2010, the BLM issued the ROD for the Genesis Project. *See* Declaration of Kristopher S. Davis ("Davis Decl."), Exh. 1 (Genesis Project ROD).  No challenges were made on or about that time to the Genesis Project.

---

[2] *Esquivel*'s application to this case is more fully discussed in Part III.B., *infra*.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

6

Memo of P's & A's ISO Genesis Solar LLC's Motion to Recover Fees
and Costs and Stay the Proceeding

LA01/ 1055384.2

**B.    The Quechan Tribe Action.**

On December 15, 2010, the United States District Court for the Southern District of California issued a preliminary injunction against the Imperial Project in the Quechan Tribe Action. *Id.*, Exh. 2 (Preliminary Injunction Order).  The Quechan Tribe Action is limited to the Imperial Project. *Id.*

**C.    The La Cuna I Action.**

**1.    The La Cuna I Complaint.**

On December 27, 2010, Plaintiffs filed the La Cuna I Action. *Id.*, Exh. 3 (Complaint).  The Complaint challenges the regulatory approvals for the Genesis Project, Calico Project, Ivanpah Project, Blythe Project, Imperial Project, and Chevron Project, under the Administrative Procedure Act, 5 U.S.C. §§ 551, *et seq.* ("APA"), for alleged violations of the National Historic Preservation Act, 16 U.S.C. §§ 470, *et seq.* ("NHPA"), the National Environmental Policy Act, 42 U.S.C. §§ 4321, *et seq.* ("NEPA"), the Federal Land Policy and Management Act of 1976, 43 U.S.C. §§ 1701, *et seq.* ("FLPMA"), and the Native American Graves Protection & Repatriation Act, 25 U.S.C. §§ 3001, *et seq.* ("NAGPRA"). *Id.*, Exh. 3, ¶¶ 8, 13-192.

One project, the Imperial Project, is located in the Southern District. *Id.*, Exh. 4 (Imperial Project ROD) at 10 (Imperial County).  The remaining five, the Genesis Project, the Ivanpah Project, the Chevron Project, the Calico Project and the Blythe Project, are located in the Central District (collectively, the "Central District Projects"). *Id.*, Exh. 1 (Genesis Project ROD) at 7 (Riverside County); Exh. E (Ivanpah Project ROD) at 7 (San Bernardino County); Exh. 6 (Chevron Project ROD) at 6 (San Bernardino County); Exh. 7 (Calico Project ROD) at 9 (San Bernardino County); Exh. 8 (Blythe Project ROD) at 8 (Riverside County).

Similarly, the RODs for each of the Central District Projects were issued by a BLM Field Office located within the Central District. *Id.*, Exh. 1 at 2 (Palm Springs South Coast Field Office); Exh. 5 at 2 (Needles Field Office); Exh. 6 at 2 (Barstow Field Office); Exh. 7 at 2 (Barstow Field Office); Exh. 8 at 2 (Palm

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

7

Memo of P's & A's ISO Genesis Solar LLC's Motion to Recover Fees
and Costs and Stay the Proceeding

LA01/ 1055384.2

1    Springs South Coast Field Office).

2            The defendants to the Central District Project claims do not reside in the

3    Southern District.  The BLM and Ken Salazar and Robert Abbey, in their official

4    capacities of Secretary and Director of the DOI and BLM, respectively, reside in

5    Washington D.C.  *See* www.doi.gov/index.cfm (DOI's office is located at 1849 C

6    Street NW, Washington, DC 20240); www.blm.gov/wo/st/en/info/directory.html

7    (Robert Abbey and the BLM's office is also located at 1849 C Street NW,

8    Washington, DC 20240).  Teri Raml in the official capacity of District Manager of

9    the California Desert District of the United States Bureau of Land Management

10   resides in Riverside County.  *See* www.blm.gov/ca/st/en/info/directory/fo-

11   addresses.html (Teri Raml's office is located at 22835 Calle San Juan De Los

12   Lagos, Moreno Valley, California 92553 in Riverside County).  John Kalish in the

13   official capacity of Field Manager of the Palm Springs South Coast Field Office of

14   the United States Bureau of Land Management resides in Riverside County.  *See id.*

15   (John Kalish's office is located at 1201 Bird Center Drive, Palm Springs, California

16   92262 in Riverside County).  Rusty Lee in the official capacity of Field Manager of

17   the Needles Field Office of the United States Bureau of Land Management resides

18   in San Bernardino County.  *See id.* (Rusty Lee's office is located at 1303 S.

19   Highway 95, Needles, California 92363 in San Bernardino County).  Roxie Trost in

20   the official capacity of Field Manager of the Barstow Field Office of the United

21   States Bureau of Land Management resides in San Bernardino County.  *See id.*

22   (Roxie Trost's office is located at 2601 Barstow Road, Barstow, California 92311

23   in San Bernardino County).

24           Thus, with respect to the Central District Project claims, there was no

25   colorable connection with the Southern District.  The property at issue is entirely

26   located in the Central District; the alleged events and omissions occurred in the

27   Central District; and the defendants all reside outside of the Southern District.

28           In addition, with the exception of the NAGPRA claim, the claims in the La

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

8

Memo of P's & A's ISO Genesis Solar LLC's Motion to Recover Fees
and Costs and Stay the Proceeding

LA01/ 1055384.2

Cuna I Action challenging the approval of the Imperial Project were substantively
identical to the claims brought in the prior-filed Quechan Tribe Action to enjoin the
Imperial Project. Each case asserted APA claims based upon alleged violations of
the NHPA, NEPA and FLPMA. *Cf. id.*, Exh. 9 (Quechan Complaint) at ¶ 10 with
Exh. 3 at ¶ 7. Each case alleged that approval of the projects and amendment of the
California Desert Conservation Area ("CDCA") Plan by the DOI and BLM was
arbitrary and capricious under the APA. *Cf. id.* Exh. 9 at ¶ 83 with Exh. 3 at ¶ 95.
Each case alleged that the project will result in undue impairment and degradation
and violates the CDCA Plan under the FLPMA. *Cf. id.*, Exh. I at ¶¶ 90-91 with
Exh. 3 at ¶¶ 93-95. Each case alleged that NEPA was violated because an
inadequate cumulative impact analysis was performed and the Imperial Project was
approved without the issuance of a programmatic EIS which adequately identified
and evaluated the significance of the impact the projects would have on the
environment. *Cf. id.*, Exh. 9 at ¶¶ 98-100 with Exh. 3 at ¶¶ 85-88. Each alleged
violation of NHPA by executing the ROD before completion of the Section 106
consultation process. *Cf. id.*, Exh. 9 at ¶¶ 114-115 with Exh. 3 at ¶¶ 100-101.

In sum, Plaintiffs in the La Cuna I Action added nothing new to the litigation
relating to the Imperial Project. The Imperial Project claims were purely
duplicative of the claims already asserted and successfully litigated by the Quechan
Tribe. Plaintiffs' joinder of these purely duplicative claims with new claims
challenging the five Central District Projects constituted blatantly improper forum-
shopping. As discussed below, Plaintiffs' forum-shopping was further underscored
by several additional facts, including that they filed a TRO Application seeking to
enjoin the Imperial Project that already had been preliminarily enjoined by the
Southern District.

## 2. Plaintiffs' Notice of Related Case and TRO Application.

On December 28, 2010, Plaintiffs filed a Notice of Related Case that asserted
that the La Cuna I Action is related to the earlier-filed Quechan Tribe Action in a

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

9

Memo of P's & A's ISO Genesis Solar LLC's Motion to Recover Fees
and Costs and Stay the Proceeding

LA01/ 1055384.2

1   naked attempt to have it assigned to the same judge. *Id.*, Exh. 10 (Notice of Related

2   Case).

3       On December 30, 2010, hours before the New Year's Holiday, the Plaintiffs

4   filed a TRO Application asking the court, on the first business day following New

5   Year's weekend, to immediately enjoin any work on the six named solar energy

6   projects, including the Genesis Project. *Id.*, Exh. 11 (TRO Application). Plaintiffs'

7   TRO Application was meritless because there was no threat of irreparable harm.

8   Indeed, it is difficult to understand why Plaintiffs suddenly sought an immediate 10

9   day injunction at all. Plaintiffs waited almost *two months* after the BLM issued its

10  November 3, 2010 ROD before filing their TRO Application. *Id.*, Exhs. 1 & 11.

11  Plaintiffs did not even file their TRO Application together with their December 27,

12  2010 complaint, but instead waited until immediately before the New Year's

13  Holiday to file their December 30, 2010 TRO Application, knowing that the Court

14  was not even in session until January 3, 2011. *Id.*, Exh. 11. On these facts,

15  Plaintiffs' insistence of exigent circumstances warranting a 10 day injunction

16  lacked credibility.

17      Moreover, Plaintiffs' TRO Application failed to identify any specific harm

18  they were seeking to prevent, other than to assert their general intention "to protect

19  priceless, irreplaceable cultural resources[.]" *Id.*, Exh. 12 (Plaintiffs' 1-4-11 Opp'n

20  to *Ex Parte* Application), 2:7. In their briefing, they did not identify a single

21  "irreplaceable cultural resource" that would be harmed if their application for a 10

22  day restraining order was denied.

23      **3.    Genesis Solar's Intervention in the La Cuna I Action.**

24      On January 3, 2011 (*i.e.*, the first business day after the New Years'

25  weekend), Genesis Solar filed the following documents: (1) motion to intervene; (2)

26  preliminary opposition to Plaintiffs' TRO Application; and (3) motion to dismiss

27  for improper venue. *Id.*, Exhs. 13 thru 15. On January 5, 2011, the Court issued a

28  Order that granted Genesis Solar's motion to intervene and set an expedited

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

10

Memo of P's & A's ISO Genesis Solar LLC's Motion to Recover Fees
and Costs and Stay the Proceeding

LA01/ 1055384.2

1  briefing schedule on its motion to dismiss regarding venue. *Id.*, Exh. 16 (January 5,

2  2011 Order).

3      On January 13, 2011 – the day before Plaintiffs filed their opposition to the

4  motion to dismiss – Plaintiffs filed the La Cuna II Action[3] and another duplicate case,

5  titled *La Cuna de Aztlan Sacred Sites Protection Circle Advisory Committee, et al. v.*

6  *United States Department of Interior, et al.*, challenging the Chevron Project

7  approvals, in the United States District Court, Central District of California, Case No.

8  CV 11-00395 ODW (OPx). *Id.*, Exhs. 17 (La Cuna II Action Complaint), Exh. 18

9  (Chevron Project Complaint).

10     On January 14, 2011, Plaintiffs filed their opposition to the motion to dismiss

11  in the La Cuna I Action that, significantly, did consent to the "transfer" of the

12  claims against Genesis Solar to the Central District. *Id.*, Exh. 19 (Plaintiffs' Opp'n

13  to Motion to Dismiss), 2:6-12.  Shockingly, Plaintiffs' opposition did not mention

14  the La Cuna II Action or any of their other newly-filed complaints. *Id.* Moreover,

15  Plaintiffs never filed a Notice of Related Case regarding the La Cuna II Action even

16  though Plaintiffs were obviously aware of this duty because Plaintiffs promptly

17  filed a Notice of Related Case in the La Cuna I Action in an attempt to get the case

18  deemed related to the Quechan Tribe Action.

19     On January 20, 2011, Plaintiffs filed their First Amended Complaint in the

20  La Cuna II Action. *Id.*, Exh. 20.  Again, Plaintiffs failed to notify the Court or

21  parties in the La Cuna I Action of the filing.  On January 14 and 21, 2011, in

22  accordance with the Court's January 5, 2011 Order, Genesis Solar filed its

23  supplemental opposition to the TRO Application and its reply brief in support of its

24

25     [3] The only differences between La Cuna II Action and the La Cuna I Action
    were that two new individual plaintiffs were added, one new claim was added, two
26  solar projects, the Imperial Project and Chevron Project, were dropped (and were
    sued by these same plaintiffs in separate lawsuits), and the project owners were
27  named as defendants (whereas before they had to intervene as defendants).

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

11

Memo of P's & A's ISO Genesis Solar LLC's Motion to Recover Fees
and Costs and Stay the Proceeding

LA01/ 1055384.2

1  motion to dismiss, respectively. *Id.*, Exhs. 21 (Supp. Opp'n) & 22 (Reply Brief).

2         On January 21, 2011, Plaintiffs filed the following in the La Cuna I Action:

3  (1) a First Amended Complaint that dropped all of the Central District Projects; (2)

4  an opposition to the motion to dismiss that argued the motion is moot because the

5  Central District Projects were dropped; and (3) Plaintiffs' notice of withdrawal of

6  the TRO Application. *Id.*, Exhs. 23 (First Amended Complaint), 24 (Opp'n to

7  Motion(s) to Dismiss) & 25 (Notice of Withdrawal).  It was not until that date,

8  eight days after they filed the La Cuna II Action, and almost a month after they

9  filed the La Cuna I Action, that the Plaintiffs finally apprised the court and parties

10 in the La Cuna I Action that Plaintiffs would no longer pursue their claims against

11 the Central District Projects. *Id.*, Exh. 23.  Yet, the Plaintiffs *still* did not notify the

12 La Cuna I Action Court or parties of the other Central District complaints that they

13 had filed.

14        On January 25, 2011, Plaintiffs filed a Notice of Voluntary Dismissal in the

15 La Cuna I Action. *Id.*, Exh. 26 (Notice of Dismissal).  On January 25, 2011, the

16 Court issued an Order that provides, in pertinent part:

17              IT IS FURTHER ORDERED that, pursuant to Plaintiffs'
              Notice of Voluntary Dismissal (ECF No. 108) and
18            Federal Rule of Civil Procedure 41(a)(1)(A)(i),
              Defendant-Intervenor Genesis Solar and Palo Verde Solar
19            I, LLC are dismissed without prejudice…The request by
              Genesis Solar for "a briefing schedule for a Rule 41(a)(2)
20            hearing…is denied without prejudice to raise the issue
              before ***any court*** in which Plaintiffs file an action ***based***
21            ***on or including the same claim against the same***
              ***defendant***." Fed. R. Civ. P. 41(d).
22

23 *Id.*, Exh. 27 (January 25, 2011 Order), 1:17-26 (emphasis added).

24 **D.      The La Cuna II Action.**

25       **1.      Genesis Solar Filed a Rule 41(d) Motion.**

26        On January 20, 2011, Plaintiffs filed their First Amended Complaint in the

27 La Cuna II Action, which added Genesis Solar, among others, as a defendant in the

28 case. *Id.*, Exh. 19.  On January 27, 2011, Genesis Solar filed a Notice of Related

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

12

Memo of P's & A's ISO Genesis Solar LLC's Motion to Recover Fees
and Costs and Stay the Proceeding

LA01/ 1055384.2

1  Case in the La Cuna II Action on the basis that the La Cuna II Action was related to
2  a previously-filed action against Genesis Solar titled *California Unions for Reliable*
3  *Energy, et al. v. United States Dept. of the Interior, et al.*, CV 10-9932-GW-SSx
4  ("CURE Action").  *Id.* Exh. 28 (Notice of Related Case).  On February 16, 2011,
5  this Court entered an Order consenting to the transfer of the La Cuna II Action to
6  this department.  *Id.*, Exh. 29 (Order re Transfer).

7        On February 17, 2011, Genesis Solar filed a Motion to Recover Fees and
8  Costs Incurred in the Previously Dismissed Action and Stay the Proceeding
9  pursuant to Rule 41(d) (the "Rule 41(d) Motion").  *Id.*, Exh. 30 (Rule 41(d)
10 Motion).  This Court took the Rule 41(d) motion off-calendar so as to first address
11 issues concerning the relationship between multiple actions filed by Plaintiffs, and
12 whether the La Cuna II action should be severed.  *Id.*, Exhs. 31 (February 23, 2011
13 Order), 32 (February 28, 2011 Order), 33 (March 3, 2011 Order).

14     **2.**    **The Court Severed the La Cuna II Action, Dismissing Genesis**
15         **Solar from the Improperly Filed La Cuna II Complaint.**

16       On April 7, 2011, this Court entered an Order that severed the La Cuna II
17 Action and dismissed all of the claims pertaining to the Genesis Project.  *Id.*, Exh.
18 34 (April 7, 2011 Order) at 5 ("order dismissing the claims in the La Cuna II
19 Plaintiffs' First Amended Complaint pertaining to all but the Ivanpah Project").
20 This Court stated that Genesis Solar could re-file its Rule 41(d) Motion if the
21 Plaintiffs filed another action against it, and ordered that "[t]he Court by making
22 this ruling is not attempting to decide any merits and the ruling is made 'no harm,
23 no foul' as to all parties on both sides."  *Id.*, Exh. 34 at 1.

24 **E.**    **The La Cuna III Action.**

25       On September 15, 2011, Plaintiffs re-filed their action against Genesis Solar
26 involving the same Plaintiffs (as well as two additional individuals) and the same
27 Defendants (as well as additional Federal Defendants).  This action and the La
28 Cuna I Action both assert APA claims for alleged violations of NEPA, and each

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

13

Memo of P's & A's ISO Genesis Solar LLC's Motion to Recover Fees
and Costs and Stay the Proceeding

LA01/ 1055384.2

1   seek judgment: (i) declaring that the Genesis Project's approval was illegal; (ii)

2   rendering the approval null and void; and (iii) obtaining injunctive relief to prohibit

3   Defendants from taking any action in furtherance of the Project until they comply

4   with NEPA.  Compare La Cuna III Complaint ("Compl."), ¶¶ 25-29, Prayer for

5   Relief to Davis Decl., Exh. 3, ¶¶ 49-59, Prayer for Relief.  Both actions seek an

6   order vacating Genesis Solar's ROD, including the CDCA Plan Amendment and

7   right-of-way grant, and further seek an order enjoining Genesis Solar from any

8   ground disturbing activities authorized under a Notice to Proceed for the Genesis

9   Project unless and until the DOI complies with the substantive and procedural

10  mandates of NEPA.  *Id.*

11      Plaintiffs have added claims in this action for alleged violations of the

12  Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb, et seq. ("RFRA"), the

13  Energy Policy Act of 2005, as amended by the American Recovery and

14  Reinvestment Act of 2009, 42 U.S.C. §§ 16511, *et seq.* ("EPA/ARRA"), and the

15  American Indian Religious Freedom Act, 42 U.S.C. § 1996 ("AIRFA").  As will be

16  demonstrated in Genesis Solar's concurrently filed motion to dismiss, these added

17  claims should fail on their face but were added as window dressing to provide

18  Plaintiffs with an argument that this action was a different action than the earlier

19  action.  The attempt should fail.  As discussed below, these actions are based on the

20  same set of circumstances, assert the same NEPA claim and include demands for

21  the same relief against the same project. *See Id.*, Exh. 27 (January 25, 2011 Order),

22  1:17-26.

23      Accordingly, pursuant to Rule 41(d), the January 25, 2011 Order in the La

24  Cuna I Action and the April 7, 2011 Order in the La Cuna II Action, Genesis Solar

25  respectfully requests an award of costs and fees incurred in the La Cuna I Action

26  and a stay of this proceeding until Plaintiffs comply.

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

LA01/ 1055384.2

# III.

# ARGUMENT

**A.     Plaintiffs' Conduct Clearly Satisfies the Rule 41(d) Standards.**

Rule 41 provides:

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied.

Fed. R. Civ. Proc. 41(d)(1) & (2). As this Court previously has held, "[n]othing in the language of Rule 41(d) or the case law suggests that a defendant must show 'bad faith'…  Instead, the court should simply assess whether a plaintiff's conduct satisfies the requirements of Rule 41(d), and whether the circumstances of the case warrant an award of costs to prevent prejudice to the defendant." *Esquivel*, 913 F. Supp. at 1388.

Specifically, Rule 41(d) applies "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant." Genesis Solar was voluntarily dismissed by Plaintiffs in the previous action. *See* Davis Decl., Exh. 27, 1:17-20 ("IT IS FURTHER ORDERED that, pursuant to Plaintiffs' Notice of Voluntary Dismissal (ECF No. 108) and Federal Rule of Civil Procedure 41(a)(1)(A)(i), Defendant-Intervenor Genesis Solar and Defendant Palo Verde Solar I, LLC are dismissed without prejudice…"). Moreover, the instant action is based on and includes the same claims against Genesis Solar as the previously dismissed action: both actions assert APA claims for alleged violations of NEPA, and both actions seek judgments (i) declaring that the Genesis Project's approval was illegal, (ii) rendering the approval null and avoid, and (iii) imposing injunctive relief to prohibit Defendants from taking any action in furtherance of the Project until they comply with NEPA. *See* Compl., ¶¶ 25-29, Prayer for Relief; Davis Decl. Exh. 3, ¶¶ 49-59, Prayer for Relief.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

15

Memo of P's & A's ISO Genesis Solar LLC's Motion to Recover Fees
and Costs and Stay the Proceeding

LA01/ 1055384.2

1    Plaintiffs' added claims in this case for alleged violations of the RFRA, the

2  EPA/ARRA, and the AIRFA, do not obviate the fact that this action, just like the La

3  Cuna I Action, asserts NEPA violations under the APA and, moreover, seeks an

4  order vacating Genesis Solar's ROD, including the CDCA Plan Amendment and

5  right-of-way grant, and further seeks an order enjoining Genesis Solar from

6  activities authorized under a Notice to Proceed for the Genesis Project unless and

7  until the DOI complies with the substantive and procedural mandates of NEPA.

8  *See Jurin v. Google, Inc.*, 695 F. Supp. 2d 1117, 1123 (E.D. Cal. 2010) (granting

9  Rule 41(d) motion where plaintiff's second action added claims).  Accordingly,

10  Rule 41(d)'s threshold requirements are met.

11  **B.    The Circumstances of these Serial Filings and Dismissals Warrant an**

12  **Award of Costs Under Rule 41(d).**

13    "The language of Rule 41(d) clearly indicates that it conveys 'broad

14  discretion' on federal courts to order…payment of costs." *Esquivel*, 913 F. Supp. at

15  1386.  "Rule 41(d) is meant not only to prevent vexatious litigation, but also to

16  prevent forum shopping, especially by plaintiffs who have suffered setbacks in one

17  court and dismiss to try their luck somewhere else." *Rogers v. Wal-Mart Stores,*

18  *Inc.*, 230 F. 3d 868, 874 (6th Cir. 2000) (internal quotation marks omitted).

19    *Esquivel* is particularly instructive on this issue.  In *Esquivel*, prior to the

20  filing of her Central District of California action, the plaintiff had filed two actions

21  in New York, one in state court and one in federal court.  Both sides stipulated to a

22  stay of the New York state court action pending a decision in the federal court

23  action on defendants' motion to dismiss for lack of personal jurisdiction and

24  improper venue.  On September 29, 1995, after the motion to dismiss was filed in

25  New York federal court, the plaintiff filed her Central District of California action

26  alleging related claims.  On October 17, 1995, the day the plaintiff's opposition to

27  the motion to dismiss was due, the plaintiff filed a voluntary dismissal without

28  prejudice under Rule 41(a)(1) of the New York federal action.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

16

Memo of P's & A's ISO Genesis Solar LLC's Motion to Recover Fees
and Costs and Stay the Proceeding

LA01/ 1055384.2

Defendants made a Rule 41(d) motion in the Central District action for their costs incurred in the New York federal case and a stay of the Central District action pending plaintiff's payment of the costs.  Defendants contended that the plaintiff's filing of the Central District action and dismissal of the New York action constituted improper forum-shopping.  *Esquivel*, 913 F. Supp. at 1386.  In its ruling, the Central District Court agreed:

> **Esquivel's choice of the Southern District of New York as a forum was questionable, to say the least.**  As an initial matter, it is clear that the plaintiff bears the responsibility of determining the appropriate forum in which to prosecute her case [citation omitted], and of establishing that personal jurisdiction exists.  [citation omitted]  Defendants' motion to dismiss in the Southern District action pointed out that neither party is a citizen or resident of New York, the complaint made no allegations of acts taking place in New York giving rise to the claims, the various agreements at issue were all executed outside of New York, and none of the witnesses or documents are in New York…**Her decision to refile her action in the Central District of California and then file the notice of dismissal  in the Southern District action without responding to defendants' motion to dismiss for lack of personal jurisdiction appears to have been a recognition that her suit in the Southern District was vulnerable on the grounds asserted in the motion.**

*Id.* at 1387 (emphases added).  The Central District Court further stated:

> **Nothing in the language of Rule 41(d) or the case law suggests that a defendant must show "bad faith"** before a district court can order payment by a plaintiff of costs incurred in a voluntarily-dismissed previous action.  Instead, **the court should simply assess whether a plaintiff's conduct satisfies the requirements of Rule 41(d), and whether the circumstances of the case warrant an award of costs to prevent prejudice to the defendant.**  Here, Esquivel has failed to present a persuasive explanation for the course of litigation described above, and it is clear that defendants have incurred needless expenditures as a result.  **Thus, an award under Rule 41(d) is appropriate**.

*Id.* at 1388 (emphases added).

The situation here is analogous to that of *Esquivel*, and, indeed, is even more egregious.  In the previously dismissed La Cuna I Action, Plaintiffs filed a TRO Application to enjoin six completely different, geographically separated, solar

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

LA01/ 1055384.2

Memo of P's & A's ISO Genesis Solar LLC's Motion to Recover Fees
and Costs and Stay the Proceeding

1   energy projects.  Five of the six projects, including the Genesis Project, are

2   physically located in the Central District of California.  Plaintiffs added to their

3   Complaint one Southern District of California project, the Imperial Project, which

4   already was preliminarily enjoined by the same court on December 15, 2010, in the

5   Quechan Tribe Action.

6       The claims relating to the six different projects were not substantially related,

7   and there was no legitimate basis for Plaintiffs to have joined them together.  The

8   joinder of claims relating to the Imperial Project, and the Field Manager of the El

9   Centro Field Office which issued the Imperial Project ROD (Margaret Goodro)

10  appeared to serve no other purpose than to venue these geographically far flung

11  claims in the Southern District before the Court that recently had enjoined the

12  Imperial Project.  There would be no basis for Plaintiffs to bring claims relating to

13  the other five projects in the Southern District.  All of the events giving rise to these

14  claims occurred in the Central District where the respective projects and BLM field

15  offices are located, and all of the real property subject to these claims is located in

16  the Central District.  As in *Esquivel*, Plaintiffs' "choice of the Southern District of

17  [California] as a forum was questionable, to say the least."  *Esquivel*, 913 F. Supp.

18  at 1386.

19      Moreover, the BLM issued the ROD for the Genesis Project on November 3,

20  2010, nearly *60 days before Plaintiffs' filed their December 30, 2010 TRO*

21  *Application.*  Plaintiffs' TRO Application, filed two months after the BLM issued

22  the ROD for the GSEP, demonstrated no urgency.  Rather, it was a calculated

23  attempt to engage in forum-shopping and to tether five competing solar energy

24  projects to the already-adjudicated Quechan Tribe Action and to enjoin all of these

25  geographically disparate projects by abbreviated proceedings.

26      Plaintiffs contended that their Complaint was being asserted jointly against

27  all of these disparate projects because they all are within the vast CDCA designated

28  by Congress in 1976.  *See* Davis Decl., Exh. 11, 2:4-24.  However, the CDCA is *25*

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

1   *million acres* in size, in comparison with the six discrete projects that range from

2   approximately 422 acres in size to approximately 7,025 acres in size – and Genesis

3   Solar was granted a Record of Decision for approximately 1,746 acres, making it

4   among the smaller of these projects.  Plaintiffs' premise in joining these disparate

5   and competing projects in a single action because they all are in the CDCA is

6   nonsensical considering the small size of these projects being built in three different

7   counties.  The entitlement process was different for each of the six separate

8   projects.  Each project is the subject of a different ROD.  The RODs for the six

9   projects were issued by four different field offices, and were thus handled by

10  different personnel.  Each project involves a different piece of real property that

11  presents a unique environment.  Different groups have varying interests in the

12  respective project sites.  The process by which each project was approved is

13  necessarily distinct.

14        Here, as in *Esquivel*, Plaintiffs "failed to present a persuasive explanation for

15  the course of litigation described above, and it is clear that defendants have incurred

16  needless expenditures as a result." *Esquivel*, 913 F. Supp. at 1386.  Genesis Solar

17  was forced to intervene in a case that should have never been filed against it in the

18  Southern District in the first place.  Plaintiffs never communicated to the Southern

19  District Court or Genesis Solar that they had filed an identical action against

20  Genesis Solar and the other projects in the Central District.  As a result, Genesis

21  Solar was forced to needlessly incur expenditures in its motion to dismiss the case

22  on venue grounds and its opposition to the TRO Application that was ultimately

23  withdrawn.  Under these circumstances, "an award under Rule 41(d) is

24  appropriate." *Id.*

25  **C.    As in *Esquivel*, Genesis Solar Is Entitled to Recover Its Expenses and**

26        **Attorneys' Fees Incurred in the Improper La Cuna I Action**.

27        In *Esquivel*, this Court held: "It is the decision of the Court that defendants

28  are entitled to both expenses and attorneys' fees that are reasonably incurred and

19

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

Memo of P's & A's ISO Genesis Solar LLC's Motion to Recover Fees
and Costs and Stay the Proceeding

LA01/ 1055384.2

1   that will not contribute toward defendants' defense in the present case." *Id.* at

2   1392. Here as well, Genesis Solar's expenses and attorneys' fees were reasonably

3   incurred in the La Cuna I Action. *See* Davis Decl., ¶¶ 35-37.

4        First, Genesis Solar was not a named defendant in the Complaint. *Id.*, Exh.

5   C. As a result, Genesis Solar had to move to intervene to defend the Plaintiffs'

6   alleged challenges to its solar project, and to oppose the TRO Application for an

7   immediate injunction of work on the Genesis Project so that its agreements,

8   commitments, legal rights and other interests could be given proper consideration

9   and appropriate protection by the Court.

10       Moreover, Plaintiffs conceded that their La Cuna I Action claims were

11  entirely improper, forcing a motion to dismiss. As in *Esquivel*, Plaintiffs' "decision

12  to refile [their] action in the Central District of California and then file the notice of

13  dismissal in the Southern District action without responding to defendants' motion

14  to dismiss for lack of personal jurisdiction appears to have been a recognition that

15  [their] suit in the Southern District was vulnerable on the grounds asserted in the

16  motion." *Esquivel*, 913 F. Supp. at 1387. Accordingly, Genesis Solar's expenses

17  and attorneys' fees were reasonably incurred in the La Cuna I Action.

18       Genesis Solar is entitled to recover the full amount sought because the costs

19  and fees incurred were associated with work that will not be useful to Genesis Solar

20  in this action. *Id.* at 1387. Genesis Solar's costs and fees were largely incurred in

21  the following: (1) motion to intervene; (2) motion to dismiss for improper venue;

22  and (3) opposition to TRO Application. *See* Davis Decl., ¶¶ 35-37. Genesis Solar's

23  work on the motion to intervene is not useful in this action. After Genesis Solar

24  filed its motion to intervene in the La Cuna I Action, the Ninth Circuit drastically

25  changed the intervention law in NEPA cases, and made it much easier for real

26  parties in interest to intervene. *See The Wilderness Society v. USFS*, 630 F. 3d

27  1173 (9th Cir. 2011) (abandoning the "none but federal defendant" rule in NEPA

28  cases).

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

20

Memo of P's & A's ISO Genesis Solar LLC's Motion to Recover Fees
and Costs and Stay the Proceeding

LA01/ 1055384.2

1    Genesis Solar's work on the motion to dismiss for improper venue likewise is
2    not useful in this case, given that this action was filed in the Central District which
3    is the proper venue for challenges raised against the Genesis Project.  Nor is
4    Genesis Solar's work opposing the cynically filed and then withdrawn TRO
5    Application useful in these proceedings.  Much of the opposition focused on the
6    tortoise fencing at the Genesis Project and how that could not support a claim of
7    imminent irreparable harm.  *See* Davis Decl., Exh. 35, ¶¶ 2, 4, 5.  The tortoise
8    fencing is concluded and no TRO Application has been filed in this case.  The work
9    done in opposing the TRO Application in the La Cuna I Action is not useful
10   because the project is at a different phase of development and any work done in
11   analyzing the previous phases is of no value in this case.  Accordingly, Genesis
12   Solar is entitled to recover the full amount sought because the costs and fees
13   incurred were associated with work that will not be useful to Genesis Solar in this
14   action.

15   **D.     The Court Should Stay This Action Until Plaintiffs Comply with the**
16   **Award Order.**

17       "The Court has discretion to order a stay of the instant action pending
18   plaintiff's payment of the costs and fees imposed under Rule 41(d)."  *Esquivel*, 913
19   F. Supp. at 1393.  In *Esquivel*, this Court stated that "Esquivel has not represented
20   that she would be unable to pay an award of costs, nor has she asserted that she
21   would be harmed in any way by a stay of the proceedings.  The Court therefore
22   finds a stay appropriate."  *Id.*

23       This situation is analogous.  Plaintiffs have not represented that they would
24   be unable to pay an award of costs, nor have they asserted that they would be
25   harmed in any way by a stay of the proceedings.  Indeed, the very fact that
26   Plaintiffs waited about two months after the Genesis Project ROD was issued to file
27   the La Cuna I Action, amended the complaint twice in the La Cuna II Action before
28   serving it, and now have waited another five months before filing this action,

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

Memo of P's & A's ISO Genesis Solar LLC's Motion to Recover Fees
and Costs and Stay the Proceeding
LA01/ 1055384.2

1    underscores that Plaintiffs would not be harmed by a stay.  Given these

2    circumstances which are remarkably similar to *Esquivel*, a stay is appropriate.

3                                      **IV.**

4                                 <u>**CONCLUSION**</u>

5           Based on the foregoing and the concurrently filed Declaration of Kristopher

6    S. Davis, Genesis Solar respectfully requests that the Court order an award of costs

7    and fees incurred in the La Cuna I Action under Rule 41(d) and stay this proceeding

8    until such award is paid to Genesis Solar.

9

10   Dated:  November 21, 2011                  Respectfully submitted,

11                                              DRINKER BIDDLE & REATH LLP

12

13                                              By:_____/s/ George T. Caplan_____
                                                   George T. Caplan
14                                              Attorneys for Defendant
                                                GENESIS SOLAR LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

22

Memo of P's & A's ISO Genesis Solar LLC's Motion to Recover Fees
and Costs and Stay the Proceeding

LA01/ 1055384.2

## CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Drinker Biddle & Reath LLP, 1800 Century Park East, Suite 1400, Los Angeles, California 90067.

      On **November 21, 2011**, I served the foregoing document described as: **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GENESIS SOLAR LLC'S MOTION TO RECOVER FEES AND COSTS INCURRED IN THE PREVIOUSLY DISMISSED ACTION AND STAY THE PROCEEDING** on the interested parties in this action by transmitting a copy as follows:

### SEE ATTACHED SERVICE LIST

__X__   **By ELECTRONIC FILING** (I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel denoted on the attached Service List.)

_____   **By PERSONAL SERVICE**

      _____   by personally delivering such envelope to the addressee.

      _____   by causing such envelope to be delivered by messenger to the office of the addressee.

_____   **By UNITED STATES MAIL** (I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.)

_____   **By OVERNIGHT DELIVERY** (by causing such envelope to be delivered to the office of the addressee by overnight delivery via Federal Express or by other similar overnight delivery service.)

_____   **By FAX TRANSMISSION**

_____   **By E-MAIL OR ELECTRONIC TRANSMISSION**

_____   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

__X__   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

      Executed on **November 21, 2011**, at Los Angeles, California.

| SHANTA TEEKAH | /s/ Shanta Teekah |
|---|---|
| Name | Signature |

Drinker Biddle &
Reath LLP
Attorneys At Law
Los Angeles

LA01/ 1055384.2

Memo of P's & A's ISO Genesis Solar LLC's Motion to Recover Fees
and Costs and Stay the Proceeding

1

2

3

**SERVICE LIST**
*La Cuna De Aztlan Sacred Sites Protection Circle Advisory Committee, et al.*
*v. United States Department of the Interior, et al.*
*USDC Case No. 5:11-cv-01478-GW-SS*

4

5

Cory J. Briggs, Esq.
cory@briggslawcorp.com

6

Mekaela M. Gladden, Esq.
mekaela@briggslawcorp.com

7

8

Romney Philpott, Esq.
romney.philpott@usdoj.gov, efile_nrs.enrd@usdoj.gov, jane.bamford@usdoj.gov

9

10

John P. Tustin, Esq.
john.tustin@usdoj.gov, efile_nrs.enrd@usdoj.gov

11

12

Assistant US Attorney LA-CV
USACAC.Civil@usdoj.gov, darryl.musick@usdoj.gov

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

LA01/ 1055384.2

Memo of P's & A's ISO Genesis Solar LLC's Motion to Recover Fees
and Costs and Stay the Proceeding